*Barr, Goodloe & Humphrey, for appellee.*

---

## JOHN J. NEELY *v.* W. S. HENSON, ET AL.

**Landlord and Tenant—Landlord's Lien on Crop—Waiver.**

A landlord has a lien on his tenant's crop, and an attempt by contract to secure a lien on a horse is not a waiver of the statutory lien.

**Lien of Landlord.**

The fact that a landlord has contracted for additional security is not enough to show that he intended to waive a lien given to him by the statute.

### APPEAL FROM CUMBERLAND CIRCUIT COURT.

June 7, 1877.

OPINION BY JUDGE COFER:

The appellant rented land to W. S. Henson to be cultivated in tobacco, the rent to be paid in improvements. He also rented to W. S. and Alfred Henson land to be cultivated in corn, the rent to be paid out of the crop. By an agreement between the Hensons, they cultivated the tobacco land together, and were to divide the crop between them. After the renting, W. S. Henson, having no horse to cultivate the crop, purchased one of the appellant at the price of $75, for which he executed his note, stipulating that the horse should be in lien for the price.

The horse not having been paid for the appellant brought this suit claiming a lien on the entire crop of corn and tobacco for the price of the horse, and sued out an attachment which he caused to be levied on the corn and tobacco still on the rented premises. He did not make Alfred Henson a party, but upon his own petition he was made a party defendant as claimant of one-half of the corn and tobacco. Baker & Bro. also filed a petition and were made parties as claimants of the other half of the tobacco under a mortgage from W. S. Henson. The appellant also claimed a lien for the amount of an account exhibited against W. S. Henson, and for the amount of a note on which he was said Henson's surety. But neither alleged that he had paid the note nor made the holders a party to the suit.

The lien asserted is claimed under Sec. 5, Art. 4, Chap. 66, Gen.

Stat., which reads as follows: "Property exempt from execution shall also be exempt from distress or attachment for rent, except for money or property furnished the tenant by the landlord for the purpose of enabling the tenant to subsist, or to raise his crop, for which the landlord shall have a lien on the whole crop raised on the leased or rented premises."

The evidence shows that the horse was sold to Henson to enable him to raise his crop, and the appellant has a lien on the crop, unless the fact that he attempted, by contract, to secure a lien on the horse was of itself a waiver of the lien given by the statute. The evidence shows that the parties attempted by contract to create a lien on the horse, and although they could not do so in that form, so as to affect third persons, the agreement was good between the parties, and appellees' counsel contends that having taken other security, that provided by law was thereby waived.

A mere equitable lien, such, for instance, as a vendor who has retained no express lien has for unpaid purchase money, may be waived by taking other security. *Clark v. Hunt,* 3 J. J. Marsh. 554. But the simple fact that a person has contracted for additional security is not enough to show that he intended to waive a lien given to him by the statute. It is the constant practice of landlords to take personal security for rent, but they do not thereby waive the lien given to them by statute; and we see no reason for holding that the appellant has waived the statutory lien, which would not apply equally to a landlord taking security for rent.

The evidence shows that the appellant was cognizant of the contract between W. S. and Alfred Henson to cultivate the tobacco land together, and we are of the opinion that he has no lien on the latter's interest in the crop of corn and tobacco; nor does the evidence establish his right to a lien on either for the account set up in the second paragraph of the petition.

Not having paid the note on which he was surety he had no cause of action against Henson on that account. Bakers did not exhibit their mortgage and so failed to manifest any interest in the tobacco; and if they had exhibited it their lien would have been subordinate to that of the appellant.

Judgment *reversed* and cause remanded for further proceedings.

*Scott Walker, for appellant. Sandige and Allen, for appellees.*